UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MELISSA WIGGINTON**                                              **CIVIL ACTION**

**VERSUS**                                                         **NO. 19-11418**

**SOCIAL SECURITY ADMINISTRATION**                                 **SECTION: "G"**

## ORDER

Before the Court is Plaintiff Melissa Wigginton's ("Plaintiff") "Petition for Attorney's Fees" pursuant to the Equal Access to Justice Act.[1] Having considered the motion, the memorandum in support, the record, and applicable law, for the reasons discussed below, the Court grants the motion in part and denies it in part.

## I. Background

On June 28, 2019, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Acting Commissioner of the Social Security Administration (the "Commissioner" or "Defendant"), denying her claim for disability insurance benefits ("DBI") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act").[2] This matter was referred to a United States Magistrate Judge to prepare a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B). On February 5, 2020, the Commissioner answered the complaint.[3]

---

[1] Rec. Doc. 37.

[2] Rec. Doc. 1.

[3] Rec. Doc. 16.

The Magistrate Judge issued a Report and Recommendation on January 8, 2021, recommending that the decision denying Plaintiff's claim for SSI and DIB be affirmed.[4] After Plaintiff filed timely objections to the Report and Recommendation,[5] the Court reviewed Plaintiff's claims *de novo*. On March 30, 2021, the Court declined to adopt the recommendation and remanded this matter to the ALJ pursuant to 42 U.S.C. § 405(g) for a new hearing.[6]

On June 30, 2021, Plaintiff filed the pending motion for attorney's fees.[7] On August 10, 2021, the Commissioner filed an opposition to the motion for attorney's fees.

## II. Parties' Arguments

### A. Plaintiff's Arguments in Support of the Motion

Plaintiff asserts that she is entitled to attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[8] Plaintiff contends that she is a prevailing party under the EAJA.[9] Therefore, she argues that she is entitled to attorney's fees unless the Commissioner can prove that the position of the United States in this matter was "substantially justified or that special circumstances make an award unjust."[10] Plaintiff contends that the position of the government in this case was not substantially justified and therefore she is entitled to attorney's fees.[11]

---

[4] Rec. Doc. 28.

[5] Rec. Doc. 29.

[6] Rec. Doc. 33.

[7] Rec. Doc. 37.

[8] Rec. 37-2 at 1.

[9] *Id.*

[10] *Id.* at 2–3.

[11] *Id.* at 3.

Plaintiff requests attorney's fees in the amount of $6,792.72.[12] This amount is based on an hourly rate of $205.84 and 33 hours of work.[13] Plaintiff asserts that the number of hours claimed is reasonable considering the result obtained.[14] She argues that the hourly rate of $205.84 is calculated on the basis of the $125.00 hourly rate authorized by the EAJA enhanced by the increase in the cost of living reflected by the Consumer Price Index ("CPI").[15] Finally, Plaintiff asserts that she has executed a retainer agreement with her attorney, Paul Brian Spurlock ("Spurlock"), which confirms that payment of attorney's fees should be made directly to Spurlock.[16]

B.  *The Commissioner's Arguments in Opposition to the Motion*

The Commissioner filed a memorandum in opposition disputing only the hourly rate requested by Plaintiff and that fees be awarded to Plaintiff rather than her attorney.[17] The Commissioner notes that the Fifth Circuit has adopted the "lodestar" approach for calculating reasonable attorney's fees in social security cases, where the number of attorney hours reasonably expended on litigation is multiplied by a reasonable hourly rate.[18]

The Commissioner asserts that the Court should award attorney's fees consistent with the Consumer Price Index for the South Urban B area ("CPI-B").[19] According to the Commissioner,

---

[12] *Id.*

[13] *Id.* at 3–4.

[14] *Id.* at 4.

[15] *Id.*

[16] *Id.* at 5.

[17] Rec. Doc. 38.

[18] *Id.* at 2.

[19] *Id.* at 3.

the CPI-B suggests an EAJA rate of $202.13 per hour for work performed in 2019, $202.50 per hour for work in 2020, and $207.86 per hour of work in 2021.[20] Therefore, the Commissioner argues that the award in this case should be $1,111.72 for 2019 ($202.13 × 5.50 hours); $2,480.63 for 2020 ($202.50 × 12.25 hours); and $2,546.29 for 2021 ($207.86 × 12.25 hours) for a total of $6,138.64.[21] Finally, the Commissioner argues that the EAJA award in this matter must be payable directly to Plaintiff, as the prevailing party, not the attorney.[22]

### III. Law and Analysis

Under the EAJA, the Court shall award to a prevailing party fees and other expenses incurred by that party in any civil action, including proceedings for judicial review of agency action, brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[23] Here, Plaintiff is a prevailing party entitled to attorney's fees under the EAJA. Moreover, the Commissioner does not argue that the position of the United States was substantially justified or that special circumstances make an award of attorney's fees unjust. Instead, the Commissioner disputes the hourly rate requested by Plaintiff.

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited ability

---

[20] *Id.* at 3–4.

[21] *Id.* at 4.

[22] *Id.* at 4–5.

[23] 28 U.S.C. § 2412(d)(1)(A).

of qualified attorneys for the proceedings involved, justifies a higher fee."[24] The district court has discretion to increase this hourly rate beyond the statutory cap in order to arrive at a reasonable rate for attorney's fees in a particular market.[25]

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered."[26] Because the EAJA was amended in March 1996 to increase the statutory ceiling from $75 to $125 per hour, the appropriate time period for which to calculate any cost-of-living increase in the instant case is from March 1996 through April 2020, the midpoint of this litigation which spanned from June 2019 through March 2021.[27] Plaintiff has provided no evidence of the increase in the cost of living in the New Orleans area specifically, but she refers the Court to the Consumer Price Index prepared by the Bureau of Labor and Statistics.[28]

According to the Bureau of Labor Statistics report, the average Consumer Price Index for All Urban Consumers ("CPI-U") was 155.7 in the month of March 1996.[29] The average CPI-U for

---

[24] 28 U.S.C. § 2412(d)(2)(A)(ii).

[25] *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (per curiam) ("The Equal Access to Justice Act vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors. . . . These factors are market based.").

[26] *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992).

[27] *Id.*

[28] The Commissioner asserts that the CPI-B is the appropriate metric. Rec. Doc. 38. Under the CPI-B, the Commissioner urges this Court to award $202.13 per hour for work in 2019, $202.50 per hour for work in 2020, and $207.86 per hour for work in 2021. *Id.* Plaintiff seeks $205.84 per hour of work for all three years. Rec. Doc. 37. The Court will analyze Plaintiff's request for attorney's fees under the Consumer Price Index.

[29] U.S. Bureau of Labor Statistics, Consumer Price Index News Release (Mar. 1996), https://www.bls.gov/news.release/history/cpi_041296.txt.

April 2020 was 256.39,[30] an increase of approximately 64.67 percent since March 1996. A 64.67 percent increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $205.84.[31] Accordingly, the Court finds that an hourly rate of $205.84 for work performed on this Social Security appeal from 2019 through 2021 is reasonable under the EAJA. Applying the hourly rate of $205.84 to the 33 hours of attorney time expended by Plaintiff's counsel yields a fee of $6,792.72.

Finally, Plaintiff urges the Court to make the fees award payable to her attorney because the parties entered into a retainer agreement that "confirms that EAJA fees are to be awarded to counsel" and because Plaintiff "has executed an assignment of EAJA fees and expenses" to her attorney.[32] In *Astrue v. Ratlif*, the Supreme Court held that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States."[33] Following this binding precedent, the Court will award attorneys' fees to Plaintiff, rather than her attorney.

## IV. Conclusion

For the foregoing reasons, the Court grants Plaintiff's "Petition for Attorney's Fees" to the extent that it requests that the Court award attorney's fees at an hourly rate of $205.85. The Court

---

[30] U.S. Bureau of Labor Statistics, Consumer Price Index News Release (Apr. 2020), https://www.bls.gov/news.release/archives/cpi_05122020.htm.

[31] 125 x 1.6467 =205.84.

[32] Rec. Doc. 37-2 at 5.

[33] 560 U.S. 586, 589 (2010).

denies the motion to the extent that it requests that the award be made payable to Plaintiff's attorney. The Court awards attorney's fees to Plaintiff rather than Plaintiff's attorney. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Petition for Attorney's Fees"[34] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff Melissa Wigginton is awarded attorneys' fees in the amount of $6,792.72, representing 33 hours of time at a rate of $205.84 per hour.

**IT IS FURTHER ORDERED** that attorney's fees are to be awarded to Plaintiff, not Plaintiff's counsel.

**NEW ORLEANS, LOUISIANA,** this  26th  day of August, 2021.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[34] Rec. Doc. 37.