UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA WIGGINTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11418** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "G"** |

### ORDER AND REASONS

Before the Court is Plaintiff Melissa Wigginton's ("Plaintiff") Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b).[1] Kilolo Kijakazi, Acting Commissioner of Social Security, (the "Commissioner") has responded to the instant motion.[2] Considering the result obtained and the amount of time involved in litigating this case, the Court concludes that the requested fee is reasonable and does not result in a windfall to the attorney. Accordingly, having considered the motion, the memoranda in support and in response, the record, and applicable law, for the reasons discussed below, the Court grants the motion.

### I. Background

In February 2013, Plaintiff filed an application with the Social Security Administration for disability insurance benefits ("DBI") and supplemental security income ("SSI"), alleging disability due to petit mal seizures, fibromyalgia, edema of her feet or ankles, anxiety and depression, and chronic low platelets.[3] The matter first came before this Court in 2015 when Plaintiff initially filed an action for judicial review of the final decision of the Acting Commissioner of the Social Security

---

[1] Rec. Doc. 42.

[2] Rec. Doc. 43.

[3] Adm. Rec. at 170–179, 198.

Administration denying her claim for DBI and SSI.[4] On March 6, 2017, this Court remanded the case to the ALJ for a new hearing and for further consideration of the evidence.[5]

After holding the mandated hearing on June 14, 2018, the ALJ issued an opinion on October 2, 2018 again denying Plaintiff's claim for DBI and SSI.[6] On April 25, 2019, the Social Security Appeals Council affirmed the ALJ's decision.[7] On June 28, 2019, Plaintiff filed this second action for judicial review of the final decision of the Acting Commissioner of the Social Security Administration denying her claim for DBI and SSI action pursuant to 42 U.S.C. § 405(g).[8] This matter was referred to a United States Magistrate Judge to prepare a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B).

The Magistrate Judge issued a Report and Recommendation on January 8, 2021, recommending that the decision denying Plaintiff's claim for SSI and DIB be affirmed.[9] After Plaintiff filed timely objections to the Report and Recommendation,[10] the Court reviewed Plaintiff's claims *de novo*. On March 30, 2021, the Court declined to adopt the recommendation and remanded this matter to the ALJ for a second time.[11]

---

[4] Case No. 15-6694, Rec. Doc. 1.

[5] Case No. 15-6694, Rec. Doc. 16.

[6] Adm. Rec. at 399–432, 393.

[7] *Id*. at 372–75.

[8] Rec. Doc. 1.

[9] Rec. Doc. 28.

[10] Rec. Doc. 29.

[11] Rec. Doc. 33.

On June 30, 2021, Plaintiff filed a motion for attorney's fees.[12] On August 10, 2021, the Commissioner filed a response to the motion for attorney's fees.[13] On August 27, 2021, the Court granted the motion in part and denied it in part.[14] The Court found that Plaintiff was a prevailing party under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and awarded Plaintiff attorney's fees in the amount of $6,792.72, representing 33 hours of time at a rate of $205.84 per hour.[15]

On September 26, 2022, following the second remand by this Court, the SSA issued Plaintiff an award for $95,190 in past due benefits, with $23,797.50 withheld for payment of attorney fees.[16] Plaintiff's counsel was awarded fees in the amount of $6,000 for representation at the administrative level, leaving $17,797.50 available for 42 U.S.C. § 406(b) fees.[17] On November 2, 2022, Plaintiff filed the instant motion for attorney's fees, requesting an award of attorney's fees in the amount of $17,797.50 and an order for Plaintiff's counsel to refund Plaintiff the EAJA fees already received by counsel.[18] On November 7, 2022, the Commissioner filed a response to the motion.[19]

---

[12] Rec. Doc. 37.

[13] Rec. Doc. 38.

[14] Rec. Doc. 39.

[15] *Id.*

[16] Rec. Doc. 42-2 at 3–4.

[17] *Id.*

[18] Rec. Doc. 42.

[19] Rec. Doc. 43.

**II. Parties' Arguments**

A.  *Plaintiff's Arguments in Support of the Motion*

Plaintiff seeks an award of $17,797.50 from this Court under Section 404(b).[20] Plaintiff notes that this award represents a contingency fee of approximately 25% of the total award.[21] Plaintiff asserts that this fee is appropriate considering that this litigation has lasted for seven years and the ultimate result obtained.[22] If the fee is awarded under Section 406(b), Plaintiff notes that the EAJA fees of $6,792.72 that were previously awarded by this Court must be refunded to Plaintiff.[23]

B.  *The Commissioner's Arguments in Response to the Motion*

The Commissioner filed a response to the motion but "declines to assert a position on the reasonableness of Plaintiff's attorney's request, because the Commissioner is not the true party in interest."[24] The Commissioner notes that the district court is obligated to independently review Section 406(b) requests to ensure that they satisfy the statutory requirement of yielding reasonable results in particular cases.[25] Additionally, the Commissioner points out that Section 406(b) fees

---

[20] Rec. Doc. 42-1 at 2.

[21] *Id.* at 4.

[22] *Id.*

[23] *Id.* at 2.

[24] Rec. Doc. 43 at 1 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)).

[25] *Id.*

4

are permissive rather than mandatory, and the Court should determine the reasonableness and timeliness of the fee request before awarding fees.[26]

### III. Law and Analysis

The Social Security Act provides in pertinent part:

Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .[27]

Section 406(b) authorizes a district court to award attorney fees, not only when the district court orders an award of benefits to the claimant, but also in conjunction with a remand for further proceedings.[28] Nevertheless, "a predicate to a [Section] 406(b)(1) fee award is that the claimant eventually be awarded past-due benefits, whether at the agency level or during further judicial proceedings."[29]

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the application of the lodestar method to calculate fees under Section 406(b).[30] The Supreme Court has held that Section 406(b) does not displace contingent-fee agreements as the primary means for setting fees for the successful

---

[26] *Id.*

[27] 42 U.S.C. § 406(b)(1).

[28] *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006).

[29] *Id.*; *see also Jackson v. Barnhart*, 705 F.3d 527, 531 (5th Cir. 2013) ("all five circuits to consider the question have determined that § 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand.").

[30] 535 U.S. 789, 798 (2002).

representation of Social Security claimants.[31] However, the Supreme Court did not conclude that all contingent-fee agreements should be enforced in all cases.[32] Instead, "[i]f the benefits [resulting from the contingency fee] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order [to] . . . disallow windfalls for lawyers."[33] Mindful of the permissive nature of the Section 406(b) fee award inquiry, the Court assesses the timeliness and reasonableness of an attorney's Section 406(b) request.[34]

The instant motion is timely because it was filed within the deadline set by this Court.[35] Plaintiff's attorney requests a fee of $17,797.50.[36] This request is approximately 18.69% of Plaintiff's past-due benefits of $95,190.00. However, Plaintiff's counsel acknowledges that he already received $6,000.00 for Section 406(a) fees at the administrative level. Therefore, the total fee would be 25% of the benefits awarded to Plaintiff. Considering the complexity of this case, the Court finds that the requested fee is reasonable. Plaintiff appealed the agency's decision to this Court on two separate occasions. Both times, the Court remanded the case to the agency for additional proceedings. On the second remand, Plaintiff secured a substantial award of past benefits, and Plaintiff will likely be entitled to future benefits until she reaches retirement age.

---

[31] *Id.* at 792–93.

[32] *Id.* at 808.

[33] *Id.*

[34] *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).

[35] *See* Rec. Doc. 41.

[36] Rec. Doc. 42-4.

Plaintiff's counsel also submits documentation showing that he devoted 60.35 hours to handling this case in federal court. This would equate to a rate of $294.90 per hour.[37] Considering the result obtained and the amount of time involved in litigating this case, the Court concludes that the requested fee is reasonable and does not result in a windfall to the attorney.

The Court previously awarded Plaintiff attorney's fees in the amount of $6,792.72 under the EAJA.[38] "Fee awards may be made under both [EAJA and Section 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee."[39] Thus, Plaintiff's counsel must refund the EAJA fee award to Plaintiff. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Melissa Wigginton's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)[40] is **GRANTED**. $17,797.50 in attorney's fees is hereby awarded to Plaintiff's counsel under 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to the claimant $6,792.72 in EAJA fees already paid to counsel.

**NEW ORLEANS, LOUISIANA,** this  13th  day of January, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[37] *Id.*

[38] Rec. Doc. 39.

[39] *Gisbrecht*, 535 U.S. at 796.

[40] Rec. Doc. 42.